208–234 FALLS STREET, INC., Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, January 19, 1967.

*Brown, Kelly, Turner, Hassett & Leach* (*Donald G. McGrath* of counsel), for appellant.

*Rice, Rice, Hustleby & Chace* (*Robert L. Rice, Jr.,* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment in favor of plaintiff in an action to recover overpayments of charges under a lease.

Plaintiff had been the lessee of property fronting on Falls Street in the City of Niagara Falls since 1932. The lease was terminated September 30, 1961, and the action is to recover a claimed overpayment for the 5-year period — 1956–1960. As part of plaintiff's rental obligation it was to pay a portion of the real estate taxes on the premises. The printed portion of the lease contained the following clause: "The Lessee cov-

enants and agrees to pay to the Lessor the said rent above reserved, on the days and in the manner limited and prescribed as aforesaid for the payment thereof, without any deduction or delay; and as a further consideration for this lease the Lessee covenants and agrees to and with the Lessor to pay or cause to be paid to the Lessor all charges for water rates or rents and all taxes, duties and assessments, which may during the said term hereby granted, be charged, assessed or imposed upon the said demised premises, and upon any and all buildings, structures, betterments or other improvements upon or to be placed upon the said premises by the Lessee and *if the said premises are not taxed separately but as a part of a larger tract or parcel in connection therewith, then the Lessee shall pay a reasonable and equitable portion as fixed and determined by the Lessor of the taxes upon the whole part or parcel.*" (Emphasis added.)

At the end of the lease the following typewritten provision was added: "It is covenanted and agreed, by and between the parties hereto, that in addition to the annual rental herein reserved the Lessee shall pay to the Lessor on the first day of each and every month during the term of this lease the sum of Four Hundred and Thirty Dollars ($430.00) to apply on taxes assessed against the above demised premises and the improvement thereon, *and at the end of each year the total tax payments shall be adjusted as between the Lessor and Lessee to an amount equal to the actual taxes payable on both land* and improvements." (Emphasis added.)

The building located on the property was built by plaintiff. The plaintiff's rental area is actually two adjoining parcels, one 35 feet by 50 feet on the corner of Falls and Third Streets, the other having a frontage of 157 feet on Falls Street and a depth of 35 feet, being a part of four lots which up until March, 1960 had been assessed as a single unit at $212,900 land value with the improvements separately assessed.

Every year after October 1, the defendant sent a statement to the plaintiff purporting to show the "actual tax charge" for plaintiff's portion of the premises and based on this plaintiff would pay the rent and the tax payments still owing. Plaintiff contends that it was not until after the lease was terminated that it learned that defendant had allocated $92,244 to the leased land and $15,900 to the improvement upon the land.

In March, 1960 the city changed its method of assessing the entire parcel. Under the new assessment the land rented by plaintiff was separately assessed at $40,330. The City Assessor testified that while in assessing property he ordinarily used the

Cleveland Depth table, the method used in making the new assessment did not purport to be based upon a judgment of the true value of the premises but rather was intended merely to provide a separate assessment figure for transportation and nontransportation properties in the proportion which the land area of each category bore to the whole.

It is plaintiff's contention that the defendant's method of assessing tax charges against it was improper in that while the plaintiff's leased land area was only 19% of the total land area assessed to the defendant New York Central it was required to bear 43% of the total land assessment and that the proper assessment would have been based on the exact proportion which its leased land bore to the whole assessed tract represented by the fraction 7,280 being plaintiff's land area over 36,960 being the entire land area of the tract, times $212,900 the total assessed valuation. As thus computed, the proper land assessment charged to the plaintiff would be $41,932.80.

The defendant's only witness was an appraiser who testified that, using the $212,900 land assessment as a basis, plaintiff's land, if valued according to the Cleveland Depth table and using a corner influence factor, both recognized assessment methods, would be worth $85,431.

Consideration of the issues necessarily involves an interpretation of the two tax clauses in the lease, and a determination as to the burden of proof.

The typed and printed provisions of the lease are not irreconcilable. The two clauses may be read together so as to give reasonable meaning to both. The typed clause provided a method of adjusting the tax payments. The parties obviously contemplated that after the $430 per month payment was made an adjustment would have to be made based upon what the tenant's obligation was determined to be in fact. The total tax obligation as stated in the printed clause was a " reasonable and equitable portion ". The reference to " actual taxes payable " in the typed clause can only refer to those taxes which would be payable under the printed clause. Thus, if the leased premises were taxed separately then the adjustment would be based upon that specific taxed amount. If, however, the premises were taxed as part of a whole as was done prior to the 1960 reassessment, then the adjustment would have to be based upon the reasonable and equitable portion determined by the lessor.

If the exact fraction approach were intended as contended by the plaintiff, the parties reasonably would have made such provision in the lease.

The plaintiff offered no proof as to the fair valuation of the property or that the apportionment determined by the defendant could not be supported by any recognized method of appraisal.

We find that the plaintiff failed to sustain the burden of establishing that defendant's valuation of plaintiff's property was not based upon a reasonable and equitable apportionment of the total assessment as provided in the lease.

As to plaintiff's claim of overassessment of the plaintiff's building it is stipulated by the parties that the building was overassessed $900 and the determination of the Trial Term substantially reflects the overcharge for taxes which by the stipulation may be charged against the defendant.

Defendant also concedes an overcharge on the land tax of $1,065.14 for the year 1960.

The judgment should be modified by reducing the awards for the years in question to the following amounts:

1956 — $26.99 plus interest from October 22, 1956
1957 — $31.33 plus interest from October 22, 1957
1958 — $32.00 plus interest from November 7, 1958
1959 — $32.58 plus interest from October 28, 1959
1960 — $1,099.34 plus interest from December 2, 1960.

As so modified the judgment should be affirmed, without costs.

Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ., concur.

Judgment unanimously modified, on the law and facts, in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.